Marshall v. Schricker, et al.

————o————

JAMES B. MARSHALL, Respondent, vs. WM. SCHRICKER, et al., Appellants.

1. *Damages—Actions ex delicto—Interest.*—In actions of *ex delicto* based upon simple negligence of a party to whom no pecuniary benefit could accrue by reason of the injury thereby inflicted, interest is not allowable.

2. *Practice, civil, trials—Damages—Instructions—Negligence—Relation to plaintiff of person whose act caused the injury.*—Questions of fact only should be submitted to a jury. In actions for damages arising from negligence of a person whose relation to the plaintiff depends upon facts which are undisputed, the question whether or not such person was a fellow servant of plaintiff, is a question of law for the court. If the facts are disputed, the law governing those relations should be declared upon the alternatives presented by the testimony.

3. *Damages—Fellow servants, who are—Foreman—Vice-principal.*—In an action for damages by a servant against his employer for personal injuries, the employer cannot be charged with negligence, as that of himself, of one who was

merely a foreman over the plaintiff who was not engaged in a distinct department of the general service, but in the same work with the plaintiff, and was not charged with any executive duties or control over plaintiff which would constitute him the agent of the employer. Such person would be simply a fellow servant, and his position as a mere foreman would not alter the case.

4. *Damages—Negligence—Fellow servant—Responsibility of employer.*—No recovery can be had against an employer for damages caused by negligence of a fellow servant, unless the fellow servant be incompetent, and the employer was guilty of negligence in employing him, or retaining him after notice of his incompetency.

## *Appeal from Johnson Circuit Court.*

*Ewing & Smith, with Pope,* for Appellants.

I. The master is not liable in this case, unless the fellow servant, Clifford, by whose negligence the injury was occasioned, was not possessed of ordinary skill and capacity in the business entrusted to him, and the employment of such incompetent servant was attributable to the want of ordinary care on the part of the master. (Rohback vs. P. R. R. 43 Mo. 193, and cases cited.)

II. The rule, that a servant injured by the negligence or misconduct of his fellow servant cannot maintain an action therefor against his master, is not affected by the fact that such careless one was of superior authority, whose lawful directions the injured one was bound to obey. (Sauler vs. Androscoggin R. R. Co., 62 Me. 643 ; Shearm. & Redf. Negl. 115, and note 3, *supra.*)

*A. B. Logan,* for Respondent.

Hough, Judge, delivered the opinion of the court.

In October, 1871, the plaintiff was employed by the defendants to haul with his own team earth, stone and other materials from certain excavations then being made by them as contractors, in Johnson county, Missouri, on the line of the Warrensburg & Marshall railroad.

The plaintiff was, with other hands, placed under the direction of one Clifford, who was employed by the defendant to do the blasting required to be done in making said excavations, and acted as foreman for the defendants, in the prosecution of said

work.   At the time of the injury hereinafter mentioned, Clifford, the plaintiff, and other employees were working in a "cut," sixty or seventy yards long.   During the progress of the work a blast was prepared by Clifford near one end of this "cut," and the plaintiff, who was in close proximity thereto, was directed by Clifford to remove his team in a certain direction indicated by him, until the blast was exploded.   The plaintiff removed his team about one hundred and eighty feet distant.   When the discharge took place, a stone described by the plaintiff as being about the size of his two hands, was thrown in the direction of the plaintiff's team, and in descending struck and killed one of his horses.   The present action was instituted to recover the damages thereby sustained by the plaintiff.

The petition alleged that the blasting was improperly and negligently done ; that Clifford was incompetent for the execution or supervision of such work, and that the defendants were, at the time, aware of his incompetency.   These allegations were denied by the defendants.   On the issues thus made the testimony was conflicting, but the question of Clifford's incompetency, and the defendant's knowledge thereof, was not submitted to the jury. There was a verdict and judgment for the plaintiff, from which defendants have appealed.   The only exception saved by the defendant was to the action of the court in giving the following instruction :

"The jury are instructed that if they believed from the evidence that the horse of said plaintiff was killed by the negligence of the servant of said defendants, in the prosecution of his employment, and that said plaintiff was not at said time a co-servant, and that said killing was done without the negligence of said plaintiff, then they will find for said plaintiff on the first count in the petition, and assess the damages at the value of said horse at the date of said killing, together with interest thereon from the date of demand of payment or any contract of defendants to pay, at the rate of six per cent. per annum, provided the plaintiff did not contribute to the negligence."

It has been recently decided by this court, that in actions *ex delicto* based upon the simple negligence of a party to whom

no pecuniary benefit could accrue by reason of the injury thereby inflicted, interest is not allowable. (Kenney vs. Han. & St. Jo. R. R. *ante*, p. 99 ; Atkinson vs. A. & P. R. R., *post*, p. 367.)

As the instruction given is in conflict with these cases, the judgment must, for that reason, be reversed. But the instruction also contravenes another rule to which this court has had occasion to make repeated reference. Questions of fact only should be submitted to a jury. This instruction submitted a question of law. The relation which Clifford and the plaintiff sustained to each other depended upon facts which were undisputed. Whether such relation was that of fellow-servants was therefore a question of law for the court. (McGowan vs. St. Louis and I. Mt. R. R. Co., 61 Mo. 532.) But if the testimony on this subject had been conflicting the instruction could not be upheld. In that event it would have been the duty of the court to have declared the law upon the alternatives presented by the testimony.

We are not aware of any case in this State in which a mere foreman, such as Clifford was, has been held to be an *alter ego* of the master. It does not appear from the record that he was charged with the performance of any of those executive duties which would constitute him, as to those under his control, the agent or vice-principal of the defendants. Nor was he engaged in a distinct department of the general service, and therefore a stranger to the service in which the plaintiff was engaged. He was as much engaged in the same general service when blasting, as he would have been in detaching the material to be removed with a pick or shovel. It would be carrying the rule on this subject to an absurd extreme to hold that those only are fellow-servants who are employed in doing precisely the same thing. The leading characteristics of a vice-principal are well illustrated in the case of Brothers vs. Carter (52 Mo. 372). The defendant was engaged in the construction of a bridge, over the Aux Vasse river, one span of which fell, severely injuring the plaintiff who was at work on said bridge. The person for whose negligence the master was held responsible in that case had entire control of the work with power to employ and discharge hands, and to pro-

vide and remove materials used in the prosecution of the work. These powers, it was held, were the attributes of a master.

So in the case of Gormley vs. Vulcan Iron Works (61 Mo. 492). The plaintiff in that case was a laborer in the service of the defendant, and their general superintendent, by whose negligence he was injured, had sole supervision of the work in the performance of which the injury occurred. The laborers were employed and discharged by him, and acted under his immediate authority. It was held that the relation sustained by him to the plaintiff was not that of fellow-servant, but that of agent for the master, and that his negligence was the master's negligence.

A similar ruling was made in the case of Whalen vs. Centenary Church (62 Mo. 326). There the defendant was engaged in the erection of of a building in the city of St. Louis, and was held liable for the negligence of its superintendent, who had charge of the entire work, employed the plaintiff and had provided an insecure swinging scaffold for him to work upon, by the falling of which the plaintiff was injured.

The case of Lewis vs. Iron Mt. R. R. (59 Mo. 495), illustrates another branch of the rule. There the plaintiff's intestate was a brakeman who was injured, while coupling cars, in consequence of a defect in the track, and the servant of the defendant, whose negligence occasioned him injury, was a section foreman whose duty it was to keep the track in repair. It was held that the plaintiff and the section foreman were not fellow-servants, because they were engaged in distinct and independent departments of service ; that in the performance of the duty of furnishing a secure track, the section foreman represented the company, and his negligence, in that regard, was the company's negligence.

In Lee vs. Detroit Bridge and Iron Works (62 Mo. 565), the person whose negligence occasioned the death of plaintiff's husband was merely a foreman in charge of the work in which the deceased was engaged, as a laborer, at the time of his death, and it was held that he was a fellow-servant of the deceased. The relations of the person injured and the person causing the injury in that case were much the same as they are in the present case.

. The case of Cook vs. Hann. & St. Jo. R. R., decided at the present term, is unlike any of the foregoing cases, and differs materially from the case at bar. In that case the plaintiff was not a servant of the defendant, and the question now presented did not, and could not, arise.

In the case of Summersell vs. Fish (117 Mass. 312,) it appeared that the defendants were engaged in the erection of a large building in Taunton. The plaintiff was a carpenter in their employ and was subject to the orders of one Brown, who was the defendant's foreman. While a large derrick used during the construction of said building was being hoisted from one story to another, by the orders and under the directions of the foreman, some of the appliances used in raising it gave way and it fell, injuring the plaintiff. It was not the duty of the foreman to furnish the derrick or its appliances. The trial court instructed the jury that if the derrick and its appliances furnished by the defendant were such that it could be safely hoisted from one floor to another in the building, and that the derrick fell, through the negligence of the foreman, the plaintiff could not recover, and the charge was sustained on the ground that the plaintiff and the foreman were fellow-servants.

A similar ruling was made in the case of O'Connor vs. Roberts, decided by the Supreme Court of Massachusetts, April 7, 1876, and reported in the Law and Eq. Rep. vol. I, p. 638. It appears from the report of that case that the defendants were contractors engaged in digging a trench in a certain street in Chelsea. One Roberts was foreman for the defendants, and had charge of a gang of workmen, to which plaintiff belonged, and received directions from the defendants. The plaintiff was injured through the negligence of the foreman, and the court held that the foreman was a fellow-servant of the plaintiff, and that the defendants were not liable.

In the case of Malone adm'x vs. Hathaway, decided by the New York Court of Appeals, January 18, 1876, it was held, as appears from a digest of the case to be found in the Law and Eq. Rep. vol. 1, p. 136 *et seq.*, that the rule exempting the master from liability for injuries to his servants occasioned by acts of co-

servants, was applicable to a case where a servant injured was inferior in grade to, and subject to the orders of, the servant whose negligence occasioned the injury, both servants being engaged in the same general business, accomplishing one and the same general purpose. And the distinction heretofore taken was maintained, by further holding that where a " superior servant employs and discharges the subalterns, and the principal withdraws from the management of the business, or the business is of such a nature that it is necessarily committed to agents, as in the case of corporations, the principal is liable for the neglects and omissions of duty of the one charged with the selections of other servants, in employing and selecting such servants, and in the general conduct of the business committed to his care."

Vide also the case of Lawler vs. Androscoggin R. R. Co. (62 Maine, 463,) where several English cases on this subject are cited.

As, on the testimony presented in this record, the plaintiff and Clifford must be held to have been fellow-servants, no recovery can be had, unless Clifford was an incompetent servant and the defendants were guilty of negligence in employing him, or in retaining him in their service after notice of his incompetency.

The judgment will be reversed and the cause remanded; Judge Wagner absent, the other judges concur.