RAINS v. THE ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAIL-WAY COMPANY, *Appellant.*

1. **Negligence**: CONTRIBUTORY NEGLIGENCE. It is settled law in this State that although the defendant may have been guilty of negligence contributing to produce the injury complained of, still if plaintiff was also guilty of negligence proximately contributing thereto, defendant is not liable unless his negligent act occurred after he became aware of the danger to which the plaintiff, by his own neglect, had exposed himself. Hence, where the defendant's neglect consisted in the erection and maintenance of a dangerous structure obvious to the senses long before the accident; *Held,* that

he was not liable, whether the structure could have been differently built or not. (Following *Nelson v. A. & P. R. R..*, 68 Mo. 593, and other cases.)

2. **Master and Servant**: VICE-PRINCIPAL. To constitute a servant of a railroad company the vice-principal, so as to hold the company liable for his negligence toward another servant, it is not sufficient to show that the duties of the former were to direct and control assistant brakemen in the service of the company at a particular yard, and that the latter was one of the assistant brakemen at that yard. (Following *Gowan v. St Louis & Iron Mountain R. R.*, 61 Mo. 528 ; *Marshall v. Schricker*, 63 Mo. 308.)

3. ———: NEGLIGENCE: PERSONAL INJURIES. If a brakeman knows that a foot bridge over the railroad upon which he is employed, is too low to permit a man standing erect on the top of a freight car to pass under it in safety, and, nevertheless, remains in the service of the company, and while passing under the bridge on the top of a freight car stands erect and is killed by coming in contact with the bridge, the company is not liable.

4. **Damages**: " CIRCUMSTANCES OF MITIGATION OR AGGRAVATION." What circumstances will mitigate or aggravate a wrong done, is a question of law. Hence, in cases arising under the 3rd section of the damage act, (R. S. 1879, § 2123,) if any such circumstances exist they should be pointed out by proper instructions, and the jury should be restricted to a consideration of those so designated.

5. **Measure of Damages**: " NECESSARY INJURY." The " necessary injury " resulting to a parent from the negligent killing of his minor child within the meaning of the 3rd section of the damage act, (R. S. 1879, § 2123,) consists in the loss of services of the deceased during minority, the cost of nursing, surgical and medical attendance and appropriate funeral expenses.

*Appeal from Bollinger Circuit Court.*—HON. J. B. ROBINSON, Judge.

REVERSED..

The eleventh instruction given for plaintiff authorized the jury to treat the acts and negligence of one William Madge toward deceased as the acts and negligence of defendant, and to hold the defendant liable accordingly, provided they should find that said Madge, at the time of the accident, which occasioned this suit, " was acting for and in the employ of defendant in. the yard at Belmont, and that his duties were to direct and control assistant brakemen

in said yard in the employ of the defendant, and that the deceased was, at and prior to his death, one of such."

*Wm. R. Donaldson* for appellant.

*B. B. Cahoon* for respondent.

HOUGH, J.—This was a suit under the third section of the Damage Act, to recover damages for the death of the plaintiff's minor son, who was killed at the town of Belmont, on a side track of the defendant's road, by coming in contact with a foot bridge extending across said side track from the upper story of an elevator on the east side thereof to the upper story of a freight house on the west side thereof.

This bridge was not high enough to permit persons of ordinary height to pass safely under it, while standing erect on the top of the box cars of a freight train. For about one month before the deceased was killed, he had passed under the bridge in question at least three times daily, while rendering service as brakeman on the freight trains of defendant. At the time he was killed, he was on the top of a freight train, with his back to the bridge and the engine, running or walking rapidly toward the rear end of the train, while it was passing under the bridge, and as he did not move as rapidly in the direction he was going as the train was moving in the opposite direction, he was borne backward against the bridge, which struck him in the head and killed him. There was testimony tending to show that the deceased was not in his proper position on the train, and that he was warned of the danger he was in immediately before he came in contact with the bridge. The deceased was twenty years and six months old when killed. The jury rendered a verdict for the plaintiff for $2,000, and the defendant has appealed.

Among other instructions given for the plaintiff, was the following: "Although William Rains may have failed

Rains v. The St. Louis, Iron Mountain & Southern Railway Company.

1. NEGLIGENCE: contributory negligence. to exercise ordinary care and prudence at the time he was killed, and may have been guilty of negligence or carelessness which contributed to the injury complained of, yet, if the defendant might, by differently erecting or maintaining the bridge spoken of by the witnesses, or by the exercise of ordinary care and caution, have avoided the injury, the jury will find for the plaintiff." This instruction is not the law. The cases cited by the plaintiff, in which instructions similarly worded received the qualified approval of this court, were wholly unlike the present. They were not cases in which the acts of the defendant occasioning the injury consisted in the erection of insufficient or dangerous structures, obvious to the senses long before the accident, and therefore long before the concurring negligence of the plaintiff, but they were cases in which negligent acts of the defendant, contributing to produce the injury, occurred after the contributory negligence of the plaintiff, and without which the plaintiff would not have been injured, notwithstanding his own want of reasonable and ordinary care. And, in a case of the latter class, an instruction like the one under consideration was condemned. *Maher v. A. & P. R. R.*, 64 Mo. 276. It is the settled law of this State that, although the defendant may have been guilty of negligence contributing to produce the injury complained of, still, if the plaintiff was also guilty of negligence proximately contributing thereto, he cannot recover, unless the negligent acts of the defendant occasioning the injury, occurred after he became aware of the danger to which the plaintiff, by his own negligence, had exposed himself. *Karle v. K. C., St. J. & C. B. R. R.*, 55 Mo. 484; *Isabel v. Han. & St. Jo. R. R.*, 60 Mo. 482; *Maher v. A. & P. R. R.*, 64 Mo. 276; *Nelson v. A. & P. R. R.*, 68 Mo. 593. The instruction under consideration, which, in effect, told the jury that the plaintiff was entitled to recover, if the defendant could have so constructed the bridge as to have prevented the injury complained of, even though the deceased failed to exercise ordinary care and prudence at the

time he was killed, and was thereby guilty of negligence contributing to his death, is in direct conflict with the foregoing authorities, and, indeed, with all the authorities everywhere on this subject. We cannot say that an instruction so fundamentally wrong was not calculated to mislead the jury in a case like the present, no matter how correctly the law may have been declared in other instructions. Instructions B and C, given by the court of its own motion, contain the same error, and are, therefore, in conflict with the views here expressed.

We do not think the facts stated in instruction numbered 11, given for the plaintiff, constituted Madge a vice-principal of the defendant, and that instruction was, therefore, wrong. We have heretofore announced the law on this subject in *McGowan v. St. L. & I. Mt. R. R.*, 61 Mo. 528, and *Marshall v. Schricker*, 63 Mo. 308.

2. MASTER AND SERVANT: vice-principal.

Instructions numbered 6 and 11 asked by the defendant should have been given. They are as follows: 6. "If the deceased knew of the exposure to danger in serving as brakeman for the defendant upon a train having to pass a foot-bridge insufficiently high to permit him to pass under it while standing at full height on the top of a box-car, and with such knowledge consented to and did continue in the service of defendant as such brakeman, and was thereafter killed by coming in contact with said foot-bridge, then the plaintiff cannot recover from the defendant for any negligence in the construction of the said foot-bridge."

3. ———: negligence: personal injuries.

11. "If the deceased, while in the discharge of his duty as brakeman, passed under the foot-bridge in question frequently for the space of two or three weeks, and knew the danger of coming in contact with the top of said foot-bridge, and his attention had been called to the danger of injury from the lowness of the foot-bridge, and with this knowledge he stood or walked erect on the top of the box-car, and while so standing or walking erect there, was in

passing, struck by the foot-bridge and killed, then the jury are instructed that this was contributory negligence on the part of the deceased and that plaintiff cannot recover." These instructions are precisely like two instructions which received the approval of this court in *Devitt v. P. R. R.*, 50 Mo. 302, the facts in which case very closely resemble the controlling facts in the case at bar.

As this case is to be remanded for another trial it may be proper to make some observations as to the measure of damages. In cases arising under the third section of the damage act, the jury should not be left to grope their way unaided through the testimony to find the circumstances of mitigation, or aggravation, which the statute authorizes them to take into consideration in making up their verdict. What circumstances will mitigate or aggravate a wrong done, is a question of law, and if any such circumstances exist, they should be pointed out by the court, and the jury should be restricted to a consideration only of those so designated.

4. DAMAGES: "circumstances of mitigation or aggravation."

In actions by a parent for the death of a minor child, we are of opinion that in estimating the damages, the jury may properly consider, in addition to the circumstances of mitigation or aggravation before mentioned, the loss of services of the deceased during his minority, the cost of nursing, surgical and medical attendance, and appropriate funeral expenses. These constitute "the necessary injury resulting from such death," to which the plaintiff is restricted by the statute. *Porter v. H. & St. Jo. R. R.*, ante p. 66. The judgment will be reversed and the cause remanded. All concur.

5. MEASURE OF DAMAGES: "necessary injury."