THE STATE *ex rel.* PLANET PROPERTY AND FINANCIAL COMPANY, Plaintiff, Appellant, v. HENRY F. HARRINGTON *et al.*, Defendants, Appellants.

St. Louis Court of Appeals, March 24, 1891.

1. **Ejectment: RES ADJUDICATA.** A judgment for the plaintiff in an ejectment suit is *res adjudicata* in an action by the plaintiff against the sheriff and his bondsmen for the refusal of the sheriff to execute the writ of restitution; and in such an action the defense, that the title upon which the judgment was based was invalid, is not permissible.

2. **Refusal of Sheriff to Execute Writ of Restitution: DAMAGES.** In case a sheriff wrongfully refuses to execute a writ of restitution, issued in an action of ejectment, it is the duty of the plaintiff in that action to make reasonable efforts to prevent the accumulation of damages; and, when the term of office of the sheriff expires, it devolves upon such plaintiff to place an *alias* execution in the hands of the successor of such sheriff, and, failing to do so, he cannot recover damages for any time subsequent to that at which he could have obtained possession under such *alias* writ.

The State ex rel. Planet P. & F. Co. v. Harrington.

3. ———: ———: INTEREST. Where an action *ex delicto* is based upon the simple negligence of a defendant, to whom no pecuniary benefit has, or could have, accrued by reason of the injury or wrong, interest is not allowable. And under this rule interest is not allowable in an action for the refusal of a sheriff to execute a writ of restitution.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

AFFIRMED.

*Thomas J. Rowe, H. A. Clover* and *H. A. Clover, Jr.*, for plaintiff

*E. F. Farish*, for defendants.

BIGGS, J.—This is an action for damages on the official bond of the defendant Harrington, as sheriff of the city of St. Louis. The breach of the bond was based on the alleged failure or refusal to execute a writ of restitution in an ejectment suit.

The case was heretofore before this court ( 41 Mo. App. 439 ) on the plaintiff's appeal. The facts are there stated fully. The circuit court on the first trial found the issues for the relator, but was of the opinion that it was only entitled to nominal damages. We affirmed the judgment in so far as it sustained the relator's right of recovery, but we reversed the finding and remanded the cause on the question of damages. In our opinion the relator was entitled to substantial damages. We suggested that the measure of damages, *prima facie*, would be the value of the rents and profits of the premises from the date of the return of the writ until the date of the judgment to be rendered herein, subject to possible reduction depending on the principle, that a party, who is damaged by a continuing injury, must do what he reasonably can to prevent the accumulation of damages.

On a retrial the cause was submitted to the court sitting as a jury, and the same evidence was introduced as on the former trial. This evidence was supplemented by additional proof, bearing on the question of the damages actually sustained by the relator. On this latter issue the court allowed evidence as to the rental value of the premises, and, also, as to the amount of rent actually received by the parties controlling the property. Proof was also received of the amount of taxes assessed against the property, and which had been paid, and also the amount expended for repairs. The defendants also introduced additional evidence to the effect that Harrington ceased to be sheriff on the first day of December, 1888, and was on that day succeeded by John H. Pohlman. The judgment was in relator's favor for the penalty of the bond, to be satisfied by the payment of $750.05, the amount of the relator's damages as found by the court. From this judgment both parties have appealed.

It appears from the court's finding of facts that the damages, which were allowed by the court, accrued between the return day of the writ of restitution, which was placed in Harrington's hands, and the second day of February, 1889. The damages were limited to the latter date upon the theory, that the relator could have obtained the possession of the premises within that time by placing another execution in the hands of Harrington's successor.

The only assignment of error urged by the defendants pertains to the action of the court in assessing substantial damages. On the first trial the circuit judge was of the opinion, that the title upon which the judgment in ejectment rested was worthless, and that the relator, as assignee of such judgment, was only entitled to nominal damages. This view is now urged by the defendants in avoidance of the present finding of the court. We decided this point adversely to the defendants on the former appeal, and it is not now open for

review.   We thought then, and still think, that the position is untenable.   The defendants may be right in the statement, that the title of the plaintiff upon which a recovery was had in the ejectment suit was worthless. This may be conceded, without in any way prejudicing the relator's right to substantial damages.   The judgment in the ejectment suit was regularly obtained, it was unappealed, and it remained in all respects in full force.   Its validity could in no way be questioned by Harrington.   He was bound to serve the process placed in his hands against any person, who had obtained the possession by or through the defendants in the suit.   It is out of the question to say that he could refuse to execute the writ, and thereby only make himself liable for nominal damages, upon the ground that the plaintiff's judgment for the possession of the property had been secured upon an invalid title. If such a doctrine is to prevail, a defendant in any ejectment suit could secure a retrial of the case through the sheriff, provided the latter could be induced to aid him.   We can very well understand how the defendant's idea might be applied in reduction of damage, when it appeared that the title of the plaintiff in the ejectment had expired.   For instance, where the plaintiff was a lessee for a fixed time, and the time had expired ; or, if the plaintiff held the land during the life of another, who had died subsequently to the rendition of the judgment.   A very different case, however, is presented here.   The defendants seek to escape liability by attacking or overturning, so to speak, a valid and subsisting judgment, upon the sole ground that it ought not to have been rendered in the first instance.   The relator as the owner of the judgment cannot be deprived of its fruits in any such way.   We will, therefore, rule this assignment against the defendants.

The relator complains of the action of the court in limiting the recovery to the second day of February,

1889. This latter day would have been the return day of an *alias* execution, had one been issued to Pohlman at the time of his qualification as sheriff. This ruling of the court was based, and properly so, upon the intimation, in our former opinion, that it was the duty of the relator to make reasonable efforts to prevent the accumulation of damages. This principle is based upon a common social duty, which every man owes to his neighbor. Harrington's refusal to execute the writ, although such refusal was wrongful, did not authorize the relator to fold its arms, as it were, and watch and wait for the accumulation of damages. It appears inferentially that Harrington held an indemnifying bond given by the defendants in the ejectment suit. This excused the relator from making further attempts to secure possession of the premises during Harrington's term of office. But the duty devolved on it to place, at the earliest moment, an *alias* execution in the hands of Harrington's successor. We will rule this assignment against the relator.

The relator's next assignment relates to the refusal of the court to add interest to the damages assessed. It was shown by the evidence that third persons in possession of the property collected the rents monthly. The contention is, that the court erred in refusing to compute interest on the rents from the date of each monthly payment.

In this state the allowance of interest in actions for debt or damages is a matter of statutory enactment. R. S. 1889, secs. 5972, 4430. The rule, which we extract from the adjudications of this state in reference to the recovery of interest as damages in actions of tort, is that, where an action *ex delicto* is based upon the simple negligence of the defendant, to whom no pecuniary benefit has or could have accrued by reason of the injury or wrong, interest is not allowable. *Kenney v. Railroad*, 63 Mo. 99 ; *Marshall v. Schricker*, 63 Mo. 308; *Atkinson v. Railroad*, 63 Mo. 367 ; *De Steiger v. Railroad*,

73 Mo. 33 ; *Meyer v. Railroad*, 64 Mo. 542. The present case comes within the rule, and must be governed by it. We conclude, therefore, that the circuit court committed no error in refusing the relator's instruction concerning the allowance of interest. This principle is embodied in our statutes. Sec. 4430.

We have examined the record, and can find no material error in the admission or rejection of evidence bearing on the question of damages. The main and controlling idea of the inquiry was to afford the relator actual compensation. This could only be done by deducting from the rents the taxes which had been paid, and the amounts which had been expended on the property for proper repairs. If the relator had been let into the possession, he would have been compelled to submit to these burdens as necessary incidents to the ownership of property.

Whether the evidence would justify a larger finding, we have not considered. That was for the trial judge, as the trier of the facts. We can only inquire whether he pursued the proper methods in arriving at his conclusion.

The judgment of the circuit court will be affirmed. All the judges concur.