GRAY'S HARBOR COMMERCIAL COMPANY, Respondent, v. CONTINENTAL NATIONAL BANK, Appellant.

St. Louis Court of Appeals, April 12, 1898.

1. **Burden of Proof**: CONFESSION AND AVOIDANCE: PLEADING. That the burden is on the defendant to prove new matter pleaded as a special defense, such as a plea in confession and avoidance, is too obvious to require argument or the citation of authorities.

2. **Custom**: PRACTICE, APPELLATE. Whether a custom is a valid or invalid one is not raised, the appellate court will not consider the matter; but where the trial court considered a custom a valid one and gave the defendant the full benefit of it, by admitting its evidence of the custom, and by its instructions to the jury, the judgment of the trial court will not be reversed.

3. ———: ———: ACTION: NEGLIGENCE: INTEREST ON DRAFT: MEASURE OF DAMAGES. Where an action is based on negligence, and where no pecuniary benefit has or could have accrued to the defendant, interest is not allowed.

4. ———: ———: ———. Where suit is brought for failure to present a draft for payment, and said draft is not presented within a reasonable time, the face value of the draft is the measure of damages.

*Appeal from the St. Louis City Court.*—HON. HORATIO D. WOOD, Judge.

REVERSED AND REMANDED (*with directions*).

DICKSON & SMITH for appellant.

Plaintiff's instruction imposing upon defendant the burden of proof that notice of the holding of the draft for collection was given through the telephone is erroneous. Bunker v. Hibler, 49 Mo. App. 542; Marshall Livery Co. v. McKelvy, 55 Mo. App. 242; O'Malley v. R. R., 113 Mo. 325; Lumber Co. v. Miller, 64 Mo. App. 620; Callahan v. Warne, 40 Mo. 131; Hicks v. R. R., 65 Mo. 34; Newell v. St. L. B. & Iron Co., 5 Mo. App. 253; Feurt v. Ambrose, 34 Mo. App. 360; Glover v. Henderson, 120 Mo. 367; McCartney v. Ins. Co., 45 Mo. App. 373; S. W. Freight & Cotton Press Co. v. Stanard, 44 Mo. 82; Stewart v. Goodrich, 9 Mo. App. 127; Ziekel v. Douglass, 88 Mo. 382; Greenway v. James, 34 Mo. 326. The manner in which notice is given need not be pleaded. Gindrat v. Bank, 7 Ala. 324.

GEORGE L. EDWARDS for respondent.

A party demanding payment of a draft should produce it. How can it then be presented by telephone? Bank v. Hatch, 78 Mo. 13; Draper v. Clemens, 4 Mo. 52. The alleged custom would not be binding upon plaintiff unless it had been shown it had knowledge thereof, if at all. Walsh v. Transp. Co., 52 Mo. 434; Coquard v. Bank, 12 Mo. App. 261; Brown v. Strimple, 21 Mo. App. 342; Martin v. Ashland Mill Co., 49 Mo. App. 23; Dyas v. Hanson, 14 Mo. App. 367; S. W. Freight & Cotton Press Co. v. Stanard, 44 Mo. 82. "The general rule is that any fact which avoids the action and which the plaintiff is not bound to prove in the first instance in support of it, is new matter." "It follows that whenever a defendant intends to rest his defense upon any fact which is not included in the

allegations necessary to the support of the plaintiff's case he must set it out according to the statute, in ordinary and concise language, else he will be precluded from giving evidence of it upon the trial." State ex rel. v. Williams, 48 Mo. 210; Northrup v. Ins. Co., 47 Mo. 435; Musser v. Adler, 86 Mo. 445; Kersey v. Garton, 77 Mo. 645; Hudson v. R'y, 101 Mo. 13, 30; Hyde v. Hazel, 43 Mo. App. 668. And to like effect are all the authorities. A custom, when relied upon, must be pleaded, and can not be shown nor advantage thereof taken under a general denial. Brown v. Strimple, 21 Mo. App. 342; Hayden v. Grillo, 42 Mo. App. 1. A custom must not contravene any established general rule of the law, and can not be contrary to the settled law. 2 Greenl. on Ev., secs. 249, 250; Ober v. Carson, 62 Mo. 209; Martin v. Ashland Mill Co., 49 Mo. App. 23; S. W. Freight and Cotton Press Co. v. Stanard, 44 Mo. 82. The evidence does not show the claimed custom to be certain, fixed, uniform and reasonable. Such are necessary requisites of a custom. Ehrlich v. Ins. Co., 103 Mo. 231; Ober v. Carson, *supra;* Cotton Press Co. v. Stanard, *supra.*

BLAND, P. J.—On October 23, 1894, the respondent (a corporation with its chief office at Cosmopolis, state of Washington) drew its draft on Schulenburg & Boeckeler Lumber Company, of St. Louis, Missouri, for $1,517.35 at one day's sight, and transmitted it to the appellant bank at St. Louis for collection. This draft was received by the appellant bank on October 27, 1894, and held for four days and returned to the drawers. The letter transmitting the draft instructed the bank not to protest the draft if not accepted and paid. On November 9, 1894, the Schulenburg & Boeckeler Lumber Company made a general assignment for the benefit of its creditors. Suit was brought

by respondents against the appellant for the amount of the draft, less twenty-eight and one half per cent of it, which had been paid on the debt by the assignee of the Schulenburg & Boeckeler Lumber Company. The petition averred that the bank for a consideration to be paid, received and undertook to collect the draft, but that after so doing it failed to present the draft to Schulenburg & Boeckeler Lumber Company for payment, and that if the draft had been so presented in a reasonable time, as the bank undertook to do, it would have been paid. The answer was a general denial. The issues were submitted to a jury, who returned a verdict for the plaintiff, from which, after an unsuccessful motion for new trial, it duly appealed to this court.

The evidence on the part of the plaintiff was that the draft was made as described above; that it was transmitted to and received by the bank for collection, and it tended to show that it was not presented to the Schulenburg & Boeckeler Lumber Company for payment, and that if it had been presented at any time before the ninth day of November, 1894 (the day on which the drawee made an assignment), it would have been paid; that the drawee had funds deposited in seven or eight banks of St. Louis, aggregating as much or more than the face of the draft, and that the banks with which it was doing business, honored its checks as a rule, whether it had funds on deposit to meet such checks or not. On the part of defendant the evidence tended to prove that the office of Schulenburg & Boeckeler Lumber Company was about three miles from the place of business of the bank; that there was a telephone connection between the bank and the office of the Lumber Company, and that there was a well established usage or custom among the banks of the city of St. Louis, that when a bank

received a draft for collection, but not to be protested, on a business firm or corporation, whose place or business office was two or more miles from the bank, the bank would present the draft by telephone to the drawee, by notifying the drawee over the telephone that it had the draft for collection, giving amount and by whom drawn, and that in this instance it did so present the draft to the Schulenburg & Boeckeler Lumber Company, and received from it a reply that the draft was all right; that this telephone was sent and the answer received the day after the draft was received by the bank; that the bank held the draft for four days, awaiting payment, which was not made, and the draft was then returned to the drawers. The evidence for plaintiff in rebuttal tended to prove that the bank did not notify Schulenburg & Boeckeler Lumber Company by telephone that it held the draft for collection.

The court instructed the jury, in substance, that the bank was liable, if it failed to present the draft in four days after its reception, provided the jury should further find that it would have been paid, if presented at any time before the ninth of November, 1894. The jury were also instructed that a presentment by telephone was a sufficient presentment, if the jury should find that presentment in that mode was the established usage among banks of the city of St. Louis; that the burden to prove the custom and that the draft was presented by telephone was on the defendant. The jury were also instructed to allow interest at six per cent, should they find the issues for the plaintiff. The appellant contends that the burden was not on it to prove the presentation of the draft, and that the instruction to the jury that the burden was on it to prove the custom and presentment according to this custom, was erroneous. The burden was on the plaintiff

to prove that the draft was not presented for payment. It made proof of this fact by testimony that the draft was at no time presented at the place of business of Schulenburg & Boeckeler Lumber Company, or to any officer or agent of that company authorized to accept or to pay it. To avoid the force and effect of this evidence, and to excuse itself from a non-compliance with its duty to present the draft for payment in the accepted legal mode, the defendant introduced evidence of the custom of the banks of St. Louis, and evidence that it had complied with that custom by presenting the draft over the telephone. This evidence was only admissible on the theory of a plea in confession and avoidance—a confession (in effect) that the draft had not been presented for payment acccording to the recognized legal mode and as an excuse therefor that it had been presented in the mode established by the custom of the banks. No such plea in fact was made, but the defendant got the benefit of such a plea without making it, by introducing evidence in support of it, and by having the issue submitted to the jury by an instruction. That the burden is on the defendant to prove new matter pleaded as a special defense, such as a plea in confession and avoidance, is too obvious to require argument or the citation of authorities in its support. Whether the custom is a valid or invalid one, is not raised by the record in this case, and we for that reason decline to discuss it. The trial court recognized it as a valid custom and gave the defendant the full benefit of it by admitting its evidence of the custom, and by its instructions to the jury. Appellants also contend that interest should not have been allowed and that the court committed error by instructing the jury to allow six per cent interest. The action was based on negligence. Where

BURDEN of proof.

EVIDENCE of custom.

no pecuniary benefit has or could have accrued to the defendant, interest is not allowed. The face value òf the draft, less twenty-eight and one half per cent which had been paid, was the measure of the damages. State ex rel. v. Harrington, 44 Mo. App. 297; Marshall v. Schricker, 63 Mo. 308; Bank v. Bank, 4 Dill. 290. The face of the draft, deducting twenty-eight and one half per cent therefrom, is $1,082.89. The verdict was for $1,277.48. It therefore appears that the jury included $194.59 interest in their assessment of the damages. For this reason the judgment will be reversed and the cause remanded, unless within ten days from this date the respondent enter a remittitur of the sum of $194.59. If this amount be remitted within the time herein limited, the judgment will be affirmed. All concur.