J. W. ATKINSON, Respondent, *vs.* ATLANTIC & PACIFIC RAIL-
ROAD COMPANY, Appellant.

63  367
44a 301
63  367
128 255

1. *Damages, escape of fire from locomotive—Interest—Burning of trees—Meas-
ure of damages.*—In an action of damages against a railroad company for the
destruction of certain forest trees caused by the escape of fire from defendant's
locomotive; *held*, 1st, that interest on the amount of damages found was not
authorized by the statute—either that touching interest or § 7 of the damage
act; 2nd, that the measure of damages was the difference between the value of
the trees before and that after the fire.

*Appeal from Cass Common Pleas Court.*

*J. N. Litton & Robert Adams, jr.*, for Appellant.

*J. D. Lisle*, for Respondent.

HOUGH, Judge, delivered the opinion of the court.

This was an action to recover damages for the destruction of
three hundred and seventy fence rails, and for injury done to a
large number of forest trees growing upon plaintiff's land, which
destruction and injury were alleged to have been occasioned by
the negligent escape of fire from a locomotive of the defendant.

The plaintiff made a *prima facie* case of negligence against
the defendant, which it did not attempt to rebut, and it will
therefore be unnecessary to notice the instructions given and re-
fused by the court on that subject.

The only question in the case is as to the measure of damages.
On this point the court instructed the jury as follows: "that
plaintiff is entitled to recover of defendant the amount of dam-
ages which the evidence shows he has sustained, together with in-
terest thereon at the rate of six per cent. per annum from the date
of the burning."

In the case of Patrick S. Kenney vs. The Hann. & St. Joe. R. R.
*ante* p. 99, which was a suit for damages occasioned by the negligent
escape of fire from the defendant's locomotive, interest on the dam-
ages was allowed by the trial court, and its judgment was reversed
for that reason.   Judge Napton, who delivered the opinion of the
court, said: "We are not apprised of any statutory provision of
this State which allows a jury to give interest for such damages
as were claimed in this suit.   There is no such provision in our

statute concerning interest, and the 7th section of the Act concerning damages, which allows interest in cases of the unlawful conversion of property by the party sued, would not in terms, or by analogous reasoning, embrace a case where no benefit could possibly have accrued to the defendant by the negligence which occasioned the destruction of the property."

That case is decisive of this and the judgment of the circuit court must therefore be reversed.

As the case is to be re-tried, it may be well to remark that the true measure of damages, as to the trees injured, is the difference between the value of such trees before the fire and their value after the fire.

The judgment will be reversed and the cause remanded. Judge Wagner absent; the other judges concur.