————o————

JULIUS MEYER, Defendant in Error, *vs.* ATLANTIC & PACIFIC RAILROAD COMPANY, Plaintiff in Error.

1. *Railroads—Damages—Interest not allowable, when—Failure to ring bell, averments of petition as to.*—1st. In suit against a railroad for damages for the killing of stock in consequence of the negligence of the company, plaintiff's interest on the amount of damages from the date of the accident is improperly allowed. 2d. In such suit defendant cannot be held for negligence in failing to ring its bell as required by statute, unless such negligence is in some manner made to appear in the petition, either by stating the facts which under the statute create the liability, or by some appropriate reference to the statute itself.

*Error to Gasconade County Circuit Court.*

*J. N. Litton*, for Plaintiff in Error, cited: Atkinson vs. A. & P. R. R. Co., 63 Mo. 367; Marshal vs. Schricker, 63 Mo. 308; Kenney vs. Han. & St. Joe. R. R. 63 Mo. 99; Walther vs. Warner, 26 Mo. 146; Kennayde vs. Pacific Railroad, 45 Mo. 255.

*Lay & Belch*, for Defendant in Error, cited: Wagn. Stat. 310, § 38; 808, § 3.

NORTON, Judge, delivered the opinion of the court.

This was an action, instituted in the circuit court of Osage county, to recover damages for a heifer charged to have been killed through the negligence and carelessness of defendant in operating its road. The trial resulted in a verdict and judgment for plaintiff for twenty-nine dollars, to reverse which defendant prosecutes his writ of error. The error complained of is that the court gave improper, and refused to give proper, instructions.

The court gave the following instructions for plaintiff:

" If the jury believe from the evidence that the cow was killed at a crossing of a traveled public road, and that the whistle was not sounded at least eighty rods from such road, and sounded at intervals until such train crossed said road or rang a bell at least eighty rods from such road and rang it at intervals till it crossed such road; and they further believe that the injury to plaintiff's cow resulted from the neglect to sound the whistle or ring the bell they will find for plaintiff."

In the second instruction the jury were told that if they found for plaintiff they would assess his damages at what, from the evidence, they may believe he sustained together with interest from the time of such damage at the rate of six per cent.

The precise question as to the allowance of interest in cases like this has been expressly decided in the cases of Kenney vs. Han. & St. Joe. R. R. Co., 63 Mo. 99; Atkinson vs. A. & P. R. R. Co., 63 Mo. 367, and necessarily leads to a reversal of the judgment in this case; and as it will be retried, it may be well to observe that this action is founded upon the common law, and

not the statutory liability of defendant. It is only by statutory enactment that defendant is required to sound the whistle or ring a bell eighty rods distant from a point where the railroad crosses a public road, and if defendant was intended to be made liable on account of this neglect, such intention should in some manner have been expressed in the petition, either by statement of the facts, which under the statute created the liability or by some appropriate reference to the statute itself. (Walther vs. Warner, 26 Mo. 143 ; Hausberger vs. Pacific R. R. Co., 43 Mo. 196; Kennayde vs. P. R. R. Co., 45 Mo. 255.)

For the error committed in giving instructions the judgment is reversed and cause remanded, the other judges concurring.