GERST v. CITY OF ST. LOUIS et al., Appellants.

Division One, December 22, 1904.

1. **EXCAVATION: Damage To Adjoining Property: Notice.** It is the duty of one who makes an excavation on his own land deeper than the foundation of a building on an adjoining lot, and so near to such building as to endanger it, to notify the adjoining owner of the proposed excavation and afford him a reasonable opportunity to protect his property, and a failure to perform such duty is negligence for which an action may be maintained for the injury resulting therefrom, unless the adjoining owner had actual knowledge of the proposed excavation.

2. ———: ———: ———: **Sewer: City: Construction Company.** A city which constructs a sewer in an alley, so close to the walls of a building abutting the alley as to injure it, without notice to the owner of such building of the proposed work, is liable for the consequent injuries to the abutting property, unless the owner thereof had actual knowledge of the proposed excavation. And likewise is the construction company, which under contract with the city had the work in hand, liable.

Gerst v. St. Louis.

3. ———: ———: ———: **Publication.** Publication in the newspaper of the ordinance creating the sewer district and providing for the construction of sewers therein and the registering of the contract therefor, is no notice to the owner of property adjoining an alley that the city is about to make an excavation in the alley for the sewer.

4. ———: ———: ———: **Damages: Interest.** Interest is not recoverable on damages in actions *ex delicto* where no pecuniary benefit could accrue by reason of the injury. The owner of property adjoining an alley who is entitled to damages from the city and the contractor for injuries to his house caused by an excavation in the alley for a sewer, is not entitled to interest on the damages awarded "from the date on which said building was injured to the date of the trial." But this is an error which may be corrected without a reversal, by a remittitur of the interest.

Appeal from St. Louis City Circuit Court.—*Hon. Warwick Hough*, Judge.

AFFIRMED ON CONDITION.

*Charles W. Bates* and *Benjamin H. Charles* for appellant City of St. Louis.

(1) The Heman Construction Company was an independent contractor for the construction of the sewer, and neither it nor its employees were agents or servants of the city of St. Louis; and for injuries occasioned third parties by the acts of the contractor or its employees the city is not liable. Charter of St. Louis, art. 6, secs. 15, 27; Barry v. St. Louis, 17 Mo. 121; Blumb v. Kansas City, 84 Mo. 112; Crenshaw v. Ullman, 113 Mo. 639; Independence v. Slack, 134 Mo. 75; Long v. Moore, 107 Mo. 334; Hilsdorg v. St. Louis, 45 Mo. 98; McKinley v. Railroad, 40 Mo. App. 457; Gas Light Co. v. Mercer, 48 Mo. App. 652; Casement v. Brown, 148 U. S. 615; Uppington v. New York, 165 N. Y. 222, 53 L. R. A. 550; Foster v. Chicago, 64 N. E. 322, 8 Mun. Corp. Cases 488. (2) The owner of a lot is entitled to lateral support for the soil in its natural condition only, and not to support for a building placed on it. Obert

v. Dunn, 140 Mo. 476; Charless v. Rankin, 22 Mo. 566; Walters v. Hamilton, 75 Mo. App. 237; Larson v. Railroad, 110 Mo. 234, 16 L. R. A. 330; Transp. Co. v. Chicago, 99 U. S. 635. If one about to excavate alongside of an adjoining lot upon which is a building, gives notice to the owner of said lot and building of his intention to excavate, such owner must protect his own property, and the excavator is not liable for injury to said building, so long as he, in excavating, uses such care as would protect the soil of the adjoining lot in its natural condition—such is reasonable care under the circumstances, which is the test — no one being liable for doing what he is entitled to do under the law. Charless v. Rankin, 22 Mo. 572. The entire excavation being wholly within the alley, and plaintiff having no right of lateral support for her building, her sole right of action for the injury to the building is that of negligence in the manner of doing the work in the alley. Charless v. Rankin, 22 Mo. 566; Schultz v. Byers (53 N. J. L.), 13 L. R. A. 569; Obert v. Dunn, 140 Mo. 486. Indeed, when the soil of the adjoining lot has been dug away and the wall of a building placed there, the excavator is not bound to use such care as would have been necessary had the soil and not the wall been there. And where the excavation is deeper than the wall, and the earth underneath the wall gives way by reason of the weight of the wall, and not by reason of the excavation, the excavator is not liable though he took no precaution to protect the earth underneath the wall. Obert v. Dunn, 140 Mo. 486. (3) Notice is dispensed with when the one to be notified has knowledge. Larson v. Railroad, 110 Mo. 243.; Charless v. Rankin, 22 Mo. 573. Care required of one excavating alongside of another's wall who has notice of the excavation, defined: Charless v. Rankin, 22 Mo. 574. And this is not opposed by the Larson case, 110 Mo. 234, for in that case there was an estoppel, and, besides, Judges SHER-

WOOD and GANTT specifically point out the Charless case as announcing the correct rule. (4) Knowledge, like actual notice, may be proved by direct evidence, or it may be inferred from other facts and circumstances. When it is inferred from facts and circumstances it is actual knowledge, the same as when proved by direct evidence. Rine v. Railroad, 100 Mo. 235; Speer v. Burlingame, 61 Mo. App. 86; Reilly v. Railroad, 94 Mo. 608. Knowledge is not confined to what one has personally observed. State v. Ransberger, 106 Mo. 140. Proof of notoriety of a fact is competent to show knowledge of it. Reilly v. Railroad, 94 Mo. 608; Crane v. Railroad, 87 Mo. 596. (5) (a) Plaintiff's instruction 2, as to the allowance of interest, was error. Plaintiff was not entitled to interest on the damages allowed for injury to her property. Kenneday v. Railroad, 63 Mo. 99; Allen v. Smith, 63 Mo. 103; Marshall v. Schricker, 63 Mo. 308; Atkinson v. Railroad, 63 Mo. 367; Meyer v. Railroad, 64 Mo. 542; DeSteiger v. Railroad, 73 Mo. 33; Chicago v. Allcock, 86 Ill. 384; Railroad v. Knapp-Stout, etc., Co., 160 Mo. 396. Even in cases of wrongful conversion of goods, when the statute authorizes the jury in its discretion to allow interest, it is error to instruct the jury to allow it. Carson v. Smith, 133 Mo. 615; Wheeler v. McDonald, 77 Mo. App. 213. (b) The giving of plaintiff's instruction allowing cost of repair and also damages for permanent injury was error, particularly as any permanent injury was due to the repairs done by plaintiff. The measure of damages for the injury to the property is the difference between its market value before and after the injury. Smith v. Kansas City, 128 Mo. 31; Williams v. Furnace Co., 13 Mo. App. 70; Bungenstock v. Drainage District, 163 Mo. 222; St. Louis Trust Co. v. Bambrick, 149 Mo. 560; Matthews v. Railroad, 142 Mo. 645. As to knowledge of character of premises: Carter v. Steyer, 93 Iowa 533. A general knowledge may be presumed from probabilities, such as the situation of the person and the

character of the fact. Abbott's Trial Evidence, p. 608, n. 7, citing May on Insurance, 213, sec. 202.

*Hickman P. Rodgers* for appellant Heman Construction Company.

·(1) A landowner has a right to a support from the adjoining soil only for his land in its natural state. Charless v. Rankin, 22 Mo. 566; Busby v. Holthaus, 46 Mo. 161. (2) The ordinances of the city of St. Louis are binding upon all persons within the· corporate limits; and all persons interested are bound to take notice of them.· Jackson v. Railroad, 157 Mo. 636; 1 Dillon on Mun. Corp. (4 Ed.), secs. 354-5-6. (3) If it is attempted to specify particularly the injuries resulting from the particular one, all that are designed to be proved should be stated. Pinney v. Berry, 61 Mo. 359. (4) (a) Damages affecting the desirability or salable value of property, as apart from the direct, material injury itself, are not such direct consequences as to form a proper element of damage, but are consequential and remote, and can not be recovered for. Robb v. Carnegie, 145 Pa. St. 324. (b) Neither is interest allowable in negligence cases where no pecuniary benefit is obtained by the one in fault. Marshall v. Schricker, 63 Mo. 308; DeSteiger v. Railroad, 73 Mo. 33; Gray's Harbor Com'l Co. v. Bank, 74 Mo. App. 633.

*A. & J. F. Lee* and *George R. Lockwood* for respondent.

(1) It is the duty of one who makes an excavation on his own land deeper than the foundations of a building upon an adjoining lot, and so near. to such building as to .endanger it, to notify the owner of such adjoining lot of the proposed excavation; and a failure to give such notice is the omission of ordinary care and diligence in connection with the making of such excavation,

and the one making the excavation is liable for the injury to such building from such want of care and diligence. Jones on Easements (Ed. 1898), secs. 610 and 619; Obert v. Dunn, 140 Mo. 485; Larson v. Railroad, 110 Mo. 242; Walters v. Hamilton, 75 Mo. App. 247; Eads v. Gains, 58 Mo. App. 592. (2) The fact that the sewer was being built by an independent contractor, and not by an agent of the city, did not relieve the latter from the duty of seeing that reasonable precautions were taken in the course of the work, to prevent injury to plaintiff's property; and the failure to give plaintiff notice of the proposed excavation adjoining her property was the omission of such reasonable precaution and negligence in the building of the sewer in question. Dillon v. Hunt, 105 Mo. 154; Haniford v. Kansas City, 103 Mo. 172; Fink v. St. Louis, 71 Mo. 57; Dillon on Mun. Corps. (4 Ed.), sec. 1027; Smith on Mun. Corps. (Ed. 1903), sec. 1527 and note; Jones on Neg. of Mun. Corps. (Ed. 1892), pp. 278-286; Jones on Easements (Ed. 1898), sec. 619; Welsh v. St. Louis, 73 Mo. 71; Blake v. St. Louis, 40 Mo. 569. (3) In actions for injuries to property by negligence, interest is recoverable on the damages assessed. 16 Am. and Eng. Ency. Law (2 Ed.), 1027, 1028 and 1098; Wilson v. Troy, 135 N. Y. 103; Railroad v. Joachimi, 58 Texas 456; Trans. Co. v. Steamboat Co., 51 N. Y. 369; Miller v. Railroad, 61 N. Y. 316; Lack v. Brecht, 166 Mo. 260. (4) Defendants were not entitled to have the damages, recoverable because of their negligence, mitigated by deducting from such damages such sum as plaintiff would have been compelled to expend to prevent injury to her house by reason of the building of the sewer alongside thereof. Dillon v. Hunt, 105 Mo. 163; 1 Sutherland on Damages (2 Ed.), sec. 149; Olds v. Mapes-Reeves Cons. Co., 177 Mass. 41; Lumber Co. v. Peter, 20 Ohio Cir. Ct.73; Williams v. Hathaway, 45 Atl. 578; Matthews v. Railroad, 121 Mo. 337; Matthews v. Railroad, 142 Mo. 645; Weber v. Railroad, 36 N. J. L. 213;

Coal Co. v. Coal Co., 48 Pac. 1045; Foley v. Land Co., 68 N. W. 994; Railroad v. Mustard, 34 Ind. 50; Gervish v. Mfg. Co., 30 N. H. 478. (5) And the court by instructing the jury to mitigate the damages by deducting therefrom said sum (which the evidence showed would have amounted to $398), more than compensated defendants for the interest which it instructed the jury to allow; and consequently the error, if error it was, of allowing interest on the damages recovered, was not error materially affecting the merits of the action, and therefore for such alleged error the judgment should not be reversed. R. S. 1899, sec. 865. (6) Publication of the ordinance establishing a sewer district, which included plaintiff's property, did not charge her with notice of the consequent damages to her property, and relieve defendants from the obligation of informing her of the danger to which they would expose her property by building the sewer as provided by ordinance.

BRACE, P. J.—This is an appeal from a judgment of the St. Louis City Circuit Court in favor of the plaintiff, Catherine T. Gerst, for the sum of seventeen hundred and thirty-eight dollars and eighty-eight cents against the defendants, the city of St. Louis and the Heman Construction Company.

The plaintiff is the owner of a lot in said city on which are two houses known as Nos. 3015 and 3017 Newstead avenue, fronting thirty-three feet on the west line of said avenue, the north wall of said buildings extending back therefrom along the south line of an alley which the petition alleges is about nine feet six inches wide, and for cause of action the plaintiff in her petition alleges "that on or about the tenth day of March A. D. 1898, the defendants, the Heman Construction Company and the city of St. Louis, dug an excavation for a sewer in said alley, and along the southern line thereof, and did said work so carelessly and negligently as to cause the sinking, breaking, crumbling

and shattering of two new houses on said land, known as Nos. 3015 and 3017 Newstead avenue, and the improvements connected therewith, and the almost total destruction of the northern one of said houses, namely 3017 Newstead avenue; that said houses and improvements were the property of this plaintiff; that defendants were negligent in the plan, method and manner of doing said work in this, to-wit: that the said excavation was made just along the side of the northern wall of the building in which said two houses were embraced, and was sunk to a depth so far below the cellar and foundation of said building as to endanger the stability of said building and make it part and break and sink and be shattered, as the defendants well knew, or by the exercise of reasonable care would have known, was likely to occur as the result of said plan, method and manner of doing said work; that the said defendants were further negligent in the conduct of said work in this, to-wit: that they failed to properly support, or cause to be properly supported by props or timbers or stone pillars, or otherwise, the said northern wall of the said building, and failed to notify the said plaintiff of the commencement or progress of the work, or that she should herself support the said wall and building from the danger of falling or being otherwise injured, which the said defendants knew, or by the exercise of ordinary care would have known threatened said building from the work in which they were engaged.

"Plaintiff states that neither she, nor any agent or attorney of hers, had any notice, or knew, or had any reason to believe at any time before the sinking and breaking of said wall, or before said excavation was completed, that said defendants were making, or intended to make, said excavation, or any excavation. Plaintiff states that by reason of the sinking, breaking, crumbling and shattering of said building as aforesaid, she was put to great expense in repairing the same, to-wit, the sum of fifteen hundred dollars; that even after

said repairs had been made to said building at the cost aforesaid, the said building was still deteriorated by reason of said breaking, sinking, crumbling and shattering caused by defendants as aforesaid from the condition in which it was prior to said action of said defendants to the extent of five hundred dollars; that the said houses at the time said defendants caused them to be sunken, broken, crumbled and shattered as aforesaid were all occupied by tenants producing rent to this plaintiff, and that the rental value of said houses was twenty dollars per month for each house; that the conduct of said defendants as aforesaid in sinking, breaking, crumbling and shattering said houses caused the northern one of said houses, No. 3017 Newstead avenue, to be in a state unfit for occupancy from the seventeenth day of March, 1898, to the twenty-first day of September, 1898, whereby this plaintiff was deprived of rent from said houses for said period of time, and to an extent amounting to one hundred and twenty dollars.

"By reason of the premises plaintiff has suffered damage in the total sum of twenty-one hundred and twenty dollars, for which sum with interest and costs said plaintiff asks judgment."

It appears from the evidence that plaintiff's premises are situate in a sewer district duly established by an ordinance of said city, and that the excavation for the sewer in said alley was made by the construction company in pursuance of a contract between the city and said company for constructing sewers in said district, duly executed in pursuance of ordinances duly passed for that purpose—which contract required the construction company to do the work in a substantial and workmanlike manner in conformity with the plans of such work on file in the office of the sewer commissioner of the city and "in strict obedience to the directions which may from time to time be given by said sewer commissioner or his duly authorized agents,"

and in accordance with the specifications therein set out.

The case, as further shown by the evidence, is, in the main, fairly presented by the following excerpts from the statement of counsel for the construction company:

"The work of excavating for sewers in said district approached the plaintiff's property from the east, through an alley across the street from plaintiff's property on Newstead avenue, and almost directly in front of it; the excavation was tunneled under the street car tracks on Newstead avenue immediately in front of the house that was injured, which house was at the time occupied by plaintiff's tenants, and continuing toward the west side of Newstead avenue, was made under the sidewalk on the west side of Newstead avenue, and at the northeast corner of the house; then an open ditch followed immediately alongside the wall of the house toward the west and rear thereof, when tunneling again was resorted to at a point half way between the front and rear of the house, after which another open ditch, which went into a tunnel at the rear end of the house.

"The blue print of the plan of the sewer indicated that the alley alongside of plaintiff's wall was nine feet six inches in width, but when the work reached that point the construction company found that said alley or right-of-way in which the excavation was to be made and the pipe laid was but four feet six inches in width. Before undertaking to excavate alongside of the wall, the city engineer gave directions to lay the sewer in that narrow space to a depth of sixteen or seventeen feet, which was about twelve feet deeper than the stone foundation of the wall, and drove stakes indicating where the excavation was to be made. The pipe to be laid at that point was thirty inches in diameter, inside measurement, and the greatest outside diameter of same was forty-two inches. This necessitated the excavation of the entire right-of-way with the exception,

after making allowances for sheeting on the walls of
the excavation and space for the pipe to pass down,
of an inch on either side of the ditch.   When this be-
came apparent the representative of the construction
company remonstrated to the representative of the city
who was in charge of the work, that to make the ex-
cavation and put in the sewer under such conditions
would endanger the safety of the building, and Mr.
Wall, as such representative of the city, said that was
all the space there was for it and that the excavation
would have to be made according to the lines indicated
by the stakes; and the Heman Construction Company
went on and did the work precisely according to the
contract and directions of the representative of the
sewer commissioner.   The width of the excavation con-
suming almost the full width of the alley, or right-of-
way, and the plaintiff's house extending two inches to
the north of her own lot and over and upon the right-
of-way, it was impossible to avoid laying bare the
foundation of the north wall, though the excavation or
opening did not at any point extend across plaintiff's
line or to her lot, or under house.   Sheeting of timbers
two inches thick was laid on each side of the excavation,
being against the earth on the north and against the
stone foundation of the house on the south, and braced
with 4 in. x 4 in. and 4 in. x 6 in. timbers extending
across the ditch and wedged in between the sheeting.
There were also braces put in the tunnels mentioned.
These openings were not all made at once, but by de-
grees from east to west, and by making new openings
as the pipe was laid and the excavation filled to the
rear; and all the timber made use of in sheeting and
bracing as aforesaid was left in place undisturbed for
the protection of the building, and the earth as it was
put back into the opening was carefully rammed.   De-
spite the careful manner in which all this was done, in a
short time, plaintiff's witnesses say before the work
had passed the house and defendant's witnesses say

afterwards, the house began to settle and the walls be-
gan to crack and the tenants were required to move
it. . . .

"Neither of the defendants actually informed the
plaintiff or her agents or tenants, by word of mouth
or written notice, of the time and place of the excava-
tion, and plaintiff and her agents disclaimed any ac-
tual notice of any kind, so that, if the adoption and
publication of the ordinances and the proposals for
bids and the filing of the plans for the work in the
office of the sewer commissioner, or the.actual knowl-
edge of the tenants, gave no notice to plaintiff of the
time and place of the excavation, then as far as the
record goes she had none.

"The testimony offered by plaintiff shows that
her house was well built and in good condition prior
to the excavation, though some of the defendant's wit-
nesses say that a small crack was observable in the
front wall near a window sill. After the tenants had
moved out, the house remained unoccupied for some
time and the plaintiff lost in rent the sum of $120, con-
cerning which amount there is no dispute. The sum
expended by plaintiff in repairs to the house was
$1384.11, which was shown to have been necessarily
expended in restoring the house, and reasonable in
amount. It was also shown that after the.expenditure
of this sum of money the house was completely re-
stored, and was a better house than before the injury,
from the fact that in restoring the house the found-
ation of the north wall was extended to a considerable
depth and to the level of the bottom of the sewer pipe.
Nevertheless, plaintiff offered testimony tending to
show that the salable value of the building had de-
creased merely from the fact that the building would
be prejudiced in the estimation of possible buyers on
account of having once been injured and repaired. The
testimony was objected to by defendants on the ground
that there was no allegation in plaintiff's petition of

any such depreciation in value, and on the further ground that that particular element of damage was not, even though it may have existed, proximate damage flowing from any injury to the wall as a result of the defendant's conduct. This objection was overruled, both defendants saving exception, and plaintiff's witnesses testified that the salable value of the building was, in the manner indicated, impaired to the extent of 15 or 20 per cent of its original cost—that is, in the sum of $400 or $500, because of a doubt thrown upon the property in the mind of the public, which doubt would require explanation.

"Each defendant asked peremptory instructions in the way of demurrer to the evidence at the close of plaintiff's case; all of the instructions asked by the defendants in the case were refused by the court. And as each defendant was required to ask separate instructions covering many different features of the case, the instructions were necessarily voluminous."

It is not necessary to set out these voluminous instructions.

The legal questions to be determined arise upon the refusal of the court to sustain the demurrer to the evidence, and upon the following instructions given by the court:

PLAINTIFF'S INSTRUCTIONS GIVEN.

"1. The court instructs you that if you believe from the evidence that the building of plaintiff which is described in the petition herein, was caused to be cracked and broken so that it became necessary to reconstruct the same, and that plaintiff did cause the same to be reconstructed, that the reconstruction of said building was made necessary by reason of the careless and negligent manner in which the defendant, the Heman Construction Company, dug the excavation alongside of said building, or became necessary because of the negligence of said defendant, Heman Construc-

tion Company, in the plan, method or manner of making said excavation, and that said Heman Construction Company well knew, or by the exercise of ordinary care could have known, that the said building was likely to be cracked as a result of the carrying out of said plan, method and manner of making said excavation as carried out by said construction company, and that said company carelessly and negligently failed to properly support or cause to be supported by piers, timbers, stone pillars or otherwise said building, and carelessly and negligently failed to notify plaintiff, or any agent of hers, of the commencement or progress of said work, and that said plaintiff, and no agent of hers, knew or had noticed at any time before the cracking and breaking of said building that said Heman Construction Company, or the city of St. Louis, was making, or intended to make said excavation, or any excavation at or near the plaintiff's said building, then you should find your verdict in favor of the plaintiff and against the defendant, the Heman Construction Company, and assess her damages at such sum as you may find was the injury to her by reason of the injury to her said building, less such a sum, if any, as you may believe from the evidence plaintiff would have been obliged to spend if she had properly protected her said building from the injury by said excavation upon notice to do so by the defendants or either of them. In computing said damages you may further consider the difference in value, if any, between said house when repaired and its value just preceding its injury, and the loss, if any, in rents to the plaintiff between the date of said injury and the time at which said building could have been repaired so as to be again fit for occupancy, if the plaintiff had exercised reasonable diligence in repairing the same upon the injury thereto, but which date shall not be a period later than the date upon which the building was actually repaired, but in no case shall you allow the

plaintiff.as the cost of repairing said building a greater sum than the amount claimed in the petition therefor, to-wit, fifteen hundred dollars, nor for the deterioration of said building more than the amount claimed in the petition therefor, to-wit, five hundred dollars, nor for the loss of rents a greater sum than one hundred and twenty dollars.

"2. The court instructs you that if you believe from the evidence that the city of St. Louis gave to the defendant, the Heman Construction Company, any directions or instructions and controlled and directed said company as to the manner in which said excavation should be made, and the defendant company carried out such instructions and directions as they were given to said company by said city, and that such instructions or directions were negligently and carelessly given and said control was carelessly and negligently exercised by said city of St. Louis, and that the execution of the same by said company as so given, directly contributed to the injury of plaintiff's said house, and if you further find your verdict against the Heman Construction Company under instruction 1, given you in this cause, then you should find your verdict also against the city of St. Louis for the same amount for which you find it against the Heman Construction Company, under said instruction 1.

"The court instructs you that if you find your verdict for the plaintiff herein, you should also allow the plaintiff on any sum you may find in her favor interest at the rate of six per cent per annum, from the date on which you find said building was injured to this date, except as to any sum you may allow her for loss of rents, and as to any sum so allowed her you should find her interest at the rate of six per cent per annum on each month's rent which you may find in her favor under said instructions from the date such month's rent would have become due up to this date."

Which said instructions, and each of them, the

court gave, to which action and ruling of the court, in giving each of said instructions of the plaintiff, the defendant, the city of St. Louis, and defendant, Heman Construction Company, each, then and there excepted at the time.

INSTRUCTION GIVEN BY THE COURT OF ITS OWN MOTION.

"If the jury believe from the evidence that the engineer of the defendant, the city of St. Louis, had in charge the construction of the sewer in question, and if they further believe from the evidence that he prepared the plans and specification for the same, and fixed the location for the construction, under its contract which said city introduced in evidence, or caused the same to be done, and if the said engineer so in charge of the work on behalf of the city knew, or had reason to believe that the construction thereof on the north line of plaintiff's premises as required by said plans and specifications was likely to injure and damage the north wall of plaintiff's house, then it was the duty of the defendant, the city of St. Louis, before it permitted the Heman Construction Company to begin the excavation of said sewer along the north wall of plaintiff's house, to notify plaintiff of said proposed excavation and of the probable injury which would result therefrom to plaintiff's house and to request the plaintiff to take the necessary steps to prevent such injury, unless the jury should find from the evidence that the plaintiff or her agent had actual knowledge of said proposed excavation, and if said defendant, the city of St. Louis, failed and neglected to give such notice and make such request, and failed itself to take any steps to prevent such injury before or at the time it permitted the Heman Construction Company to make said excavation and construct such sewer, and if the jury further find and believe from the evidence that the Heman Construction Company had reason to believe that the proposed excavation was likely to occasion injury to the plaintiff's house, and it failed

and neglected to give notice of said proposed excavation to the plaintiff before making the same, and to request the plaintiff to take the necessary steps to prevent such injury, unless the jury should find from the evidence that the plaintiff or her agent had actual knowledge of said proposed excavation, and if the jury further find from the evidence that the plaintiff's house was damaged in consequence of the failure to give such notice, and by reason of the failure, if any, on the part of the said defendant, the city of St. Louis, and the said defendant, the Heman Construction Company, to take the necessary and proper steps to prevent such injury, then their verdict should be for the plaintiff and against both of the defendants, namely, the city of St. Louis and the said Heman Construction Company, and for such reasonable sum as the jury may believe from the evidence the plaintiff was necessarily compelled to expend to repair the injury done to said house by said excavation and the failure aforesaid, if the jury find there was such failure, and also for such other sum, if any, as the jury may believe from the evidence the plaintiff has lost in rents in consequence of said injury, and last, for such further sum, if any, as the jury may believe from the evidence will fully compensate plaintiff for the permanent depreciation, if any, in the value of the house of the plaintiff occasioned by such injury, deducting from said amounts so found such amount as the jury may believe from the evidence the plaintiff would have necessarily been compelled to expend in order to prevent injury to said house if she had received timely notice from .the defendants, or either of them, of said proposed excavation along the north wall of her house.''

Under these instructions the jury returned a verdict for the plaintiff for $1738.88, and from the judgment thereon the defendants appeal.

(1)    The principal question presented by this record for determination is whether a legal duty is im-

posed on one who proposes to make an excavation on his own premises which may endanger the building of his neighbor, to give the latter notice of what he proposes to do, so as to enable him to take the necessary measures for the preservation of his property. In the last edition of Judge Thompson's great work on Negligence the law on this subject may be found thus stated: "Whatever may be the right of one landowner to excavate his own soil so as to deprive his neighbor's land of its support, the authorities are agreed that he must exercise what care and skill he can to prevent injury to his neighbor; and if he inflict an unnecessary injury upon his neighbor through negligence, he must pay the damages. Thus, the authorities are agreed that one who proposes to excavate, or to make other alterations or improvements upon his own land which may endanger the land or building of his neighbor, is bound to give the latter reasonable notice of what he proposes to do, to enable him to take the necessary measures for the preservation of his own property. . . . The failure to give such notice is, in theory of the law, such negligence as will render him liable for any damage to the property of the adjoining owner which may be occasioned by the work which he does on his own land, in the absence of knowledge on the part of such adjoining owner otherwise acquired. . . . Nor does the giving of such notice exonerate him from further duty toward the neighboring landowner. He must still conduct the work of excavating with reasonable care and skill, and is liable to his neighbor for any damages caused by the want of it. On the other hand, having given this notice and having afforded his neighbor a reasonable opportunity to protect his own property, he is not answerable for any injury which may happen to the property of his neighbor, provided he proceeds with the work of excavation on his own land with reasonable care and skill." [1 Thompson on

Negligence, sec. 1109.]

The same doctrine is thus more tersely stated by another eminent author in a recent work: "In the exercise of proper care a party excavating near a building on the land of another is required to give notice to the owner of such building of the intended improvement, unless such owner has actual knowledge of the work proposed." [Jones on Easements, sec. 610.]

Other text-writers and many adjudicated cases are cited by these authors in support of the texts, and this doctrine is now well supported by the weight of modern authority.

While it cannot be said that the law has thus been definitely settled in this State by any direct decision, yet the doctrine has often been approvingly recognized by this court (Charless v. Rankin, 22 Mo. 566; Larson v. Railroad, 110 Mo. 234; Obert v. Dunn, 140 Mo. 476), by the Court of Appeals (Eads v. Gains, 58 Mo. App. 586; Walters v. Hamilton, 75 Mo. App. 237). Founded on the maxim, *Sic utere tuo ut alienum non laedas.* Its reasonableness must ever commend it to the judicial mind, and in view of what has been said on this subject in the cases cited, the weight of authority elsewhere, and the inherent soundness of the principle, we have no hesitation now in directly holding that it is the duty of one who makes an excavation on his own land, deeper than the foundation of a building on an adjoining lot, and so near to such building as to endanger it, to notify the adjoining owner of the proposed excavation and afford him a reasonable opportunity to protect his property, and a failure to discharge such duty is negligence for which an action may be maintained for the injury resulting therefrom, unless the adjoining owner had actual knowledge of such proposed excavation, and there is no good reason why this rule should not be applied to municipal corporations and their contractors as well as to other persons. The suggestion that the plaintiff had such notice in this case from

the fact of the publication in the newspapers of the ordinance creating the sewer district and providing for the construction of sewers therein and the registering of the contract therefor, is wholly untenable.  In fact, the impending danger to the plaintiff's building by the proposed excavation did not become apparent even to those in the immediate charge of the work until the line of the sewer was definitely located on the ground by the city engineer immediately alongside the north wall of her building.  When it became so apparent to the city engineer and the contractor, it became their duty to notify the plaintiff of the impending danger to her property and afford her an opportunity to protect the same.  This duty they failed to discharge.  The work proceeded without the knowledge of plaintiff and as a necessary consequence thereof her building was injured and for the injury the defendants ought to be held liable.  Therefore, the court did not err in overruling the demurrers to the evidence, nor in refusing to instruct that the publication of the ordinances and the registration of the contract imparted notice to plaintiff.  The failure to give notice was the only actionable negligence which the evidence tended to prove, and while the instructions given at the request of the plaintiff, by coupling it with other acts, presented that issue but vaguely, the instruction given by the court on its own motion presented it clearly and distinctly and as the verdict is responsive thereto, and upon such issue could not have been other than it was, the judgment ought not to be disturbed unless for error in the instructions on the measure of damages.

(2)    The errors assigned in this regard are that the jury were thereby authorized, in addition to the cost of reconstruction and the loss of rents, to allow the plaintiff such further sum, if any, they may believe from the evidence would fully compensate her for the permanent depreciation in the value of her property, and were further authorized to allow her six per cent

per annum interest on such sum as they may find in her favor.

We see no valid objections to the instructions authorizing an allowance for permanent depreciation in the value of plaintiff's property; but whatever may be the rule in other jurisdictions, the settled law in this State is that interest is not recoverable on damages in actions *ex delicto* where no pecuniary benefit could accrue by reason of the injury. [Kenney v. Railroad, 63 Mo. 99; Marshall v. Schricker, 63 Mo. 308; Atkinson v. Railroad, 63 Mo. 367; Meyer v. Railroad, 64 Mo. 542; DeSteiger v. Railroad, 73 Mo. 33.]

In this respect the instruction was erroneous. It is contended, however, for respondent that the judgment ought not to be disturbed on account of this error because of the error in plaintiff's instructions authorizing the jury to deduct from the sum they were authorized to find for plaintiff, such amount as the jury may believe from the evidence the plaintiff would have necessarily been compelled to expend in order to prevent the injury to her house if she had received timely notice, which amount would have exceeded the interest.

We are of the opinion that there was no error in this qualification of the instruction, but if there was, the plaintiff is in no position to take advantage of it, being an error which the plaintiff herself invited by asking it in her own instructions. And we do not think the judgment ought to be reversed and the cause remanded for the error in regard to interest. It can be remedied here. The amount of interest which could have been allowed under this instruction could not have exceeded three hundred and twenty dollars, and if the plaintiff will enter a remittitur on the judgment of that amount, the same will be affirmed; otherwise, the judgment will be reversed and the cause remanded for new trial; in either event, the costs will be taxed against the respondent.

All concur, except *Robinson J.,* absent.