JOHN NETH, Appellant, v. FREDERICK A. DELANO, WILLIAM K. BIXBY and EDWARD B. PRYOR, as Receivers of the WABASH RAIL-ROAD CO., a corporation, Respondents.

Kansas City Court of Appeals, December 7, 1914.

NEGLIGENCE: Personal Injuries: Duty of Plaintiff to Make Out a Case. Plaintiff and a fellow servant were carrying a heavy sill, plaintiff holding one end and the fellow servant the other. They were holding it about three feet from the ground. Suddenly the fellow servant dropped his end and this jerked the other end out of plaintiff's hand causing it to fall across plaintiff's foot. There was no evidence showing, or tending to show, negligence on the part of the fellow servant. So far as the evidence shows it may have been through no fault of his. There was no room for the doctrine of res ipsa loquitur. Held, that plaintiff was properly nonsuited.

Appeal from Randolph Circuit Court.—*Hon. A. H. Waller*, Judge.

AFFIRMED.

*M. J. Lilly* for appellant.

*J. L. Minnis* and *Robertson & Robertson* for respondents.

TRIMBLE, J.—Appellant was employed in operating a boring or mortising machine in the "mill room" where wood work was done in the car department of the shops of the Wabash railroad at Moberly. In this room all sorts of timbers were cut, mortised, shaped and bored for use by carpenters who afterwards and elsewhere built or repaired cars. Appellant's work was to mortise timbers for car sills and he had been engaged in such work for sixteen years. When a sill was finished according to specifications, appellant would remove the sill from the mortising machine and place it on a trestle where it would remain until laborers would carry it elsewhere for use by the carpenters. These sills were large and heavy and appellant could not move them without help. Authority was given him, therefore, to call to his aid any other employee in the room when he desired to remove a finished sill from the machine to the trestles.

On the 14th of March, 1912, the appellant had finished mortising an end sill, and called on a nearby coemployee and fellow servant, Golay, by name, to assist him in moving it from the machine to the trestle. This sill was of oak, nine feet long, nine inches thick and eleven inches wide and weighed somewhere between four hundred and five hundred pounds. Golay readily consented and took hold of one end of the sill while appellant took the other end and, holding the sill thus about three feet from the ground, they started toward the trestle and had taken about three steps when Golay dropped his end which caused appellant to lose his hold on the sill and it fell across his foot injuring it, for which appellant brought this suit.

The petition charged negligence in the following terms: "That said other employee handled said sill in such a careless and negligent manner that he let same fall or drop without notice or warning to plaintiff, a distance of about three (3) feet, causing the same to strike plaintiff upon and across his left foot; that by reason of the carelessness and negligence of defendants, their agent and employee, in letting said sill drop or fall without notice or warning to plaintiff, as aforesaid, upon and across plaintiff's left foot, plaintiff was seriously and permanently injured."

At the close of plaintiff's case in chief, the trial court sustained two demurrers offered by the defendant. One was upon the ground that in the opinion of the court the plaintiff was not engaged in "the work of operating a railroad" within the meaning of section 5434, Revised Statutes 1909, abolishing the fellow-servant rule as to railroads where the injured employee is so engaged. The other demurrer was sustained upon the ground that the appellant had failed to prove that he was injured as the result of any negligence on the part of the said coemployee. Appellant thereupon in due time brought the case here.

We are of opinion that the trial court properly took the case from the jury. No evidence was offered tending to show that Golay was negligent or from which an inference of negligence could be drawn. The evidence was that, while the two men were carrying the sill, Golay dropped his end. How he came to drop it is not shown nor touched upon by the evidence. There can be no inference that he *threw* it down because the evidence is that he *dropped* it. All that plaintiff knew was that, while he was not looking, Golay's end dropped. There was no evidence that Golay intentionally let it fall, nor that he was careless or negligent in any way. Appellant could not say whether Golay's feet slipped or not. So far as the

evidence shows, the dropping of the sill was not on account of the way Golay was holding or carrying it nor because he went about it in an unusual or different method from that theretofore used. In other words, there is nothing to show it was not an accident in the strict sense of that term. Neither can negligence be predicated upon the fact that Golay did not warn appellant before the sill fell from his hands. Appellant says that he didn't think Golay said anything before it fell, but from appellant's description of the occurrence the fall must have occurred suddenly. The sill was only three feet from the ground and as the sill would drop sixteen and one-half feet the first second, the sill must have struck the floor like a flash, in the fraction of a second after Golay lost his hold thereon. This was too short a time to give a warning, and after it struck, appellant knew it as well as Golay. There is no room, under the facts of the case, for the application of the doctrine of *res ipsa loquitur*. Consequently, negligence does not arise as an inference from the facts. It devolved upon appellant to prove facts tending to show negligence. Having failed to do this, he has failed in his case, and the court did right in taking the case from the jury.

As this disposes of the case there is no necessity for discussing the other question whether appellant was "engaged in operating a railroad" within the meaning of the fellow-servant statute.

The judgment is affirmed. All concur.