# BEN F. DAVIDSON, Appellant, v. ST. LOUIS-SAN FRANCISCO RAILWAY COMPANY.

### In Banc, November 20, 1923.

1. **SECOND APPEAL: New Issues at Second Trial: Law of Case.** The opinion delivered on the first appeal is the law of the case upon a subsequent trial, unless the pleadings on the re-trial are so amended as to introduce new issues, or the evidence on the re-trial is substantially different from that considered on the vital issues on the former trial. However, if there was no substantial difference in pleadings and proof upon the re-trial, and the appellate court finds upon the second appeal that it erred in its opinion on the first appeal, it will correct such error, whether the error was in principles of law declared or in the determination of the real facts of the case.

2. ———: ———: **Change in Testimony.** A plaintiff cannot be barred recovery on the ground that on the second trial he changed his testimony from what he had testified on the first trial, and defendant's demurrer to the evidence cannot be sustained on that ground alone. In such case it is for the jury in the second trial to determine what credence it will give his testimony, as impeached by what he testified at the first trial. Such contradictory testimony is to be distinguished from contradictory admissions made in the same trial.

3. ———: ———: **Law of Case: Same Testimony.** Where the sole question on the former appeal by defendant, in a case brought un-

der the Federal Employers' Liability Act, was whether the fellow-servants of plaintiff assisting him in loading a casket onto a car were guilty of negligence, and it was ruled that in the then state of the evidence the trial court erred in refusing defendant's peremptory instruction, and affirmed its order granting a new trial and remanded the cause, and on the re-trial plaintiff amended his petition only so as to eliminate a certain allegation of contributory negligence on his part, and the evidence was in all respects substantially the same as at the first trial, the sustaining of defendant's demurrer to the evidence by the trial court will be affirmed on a second appeal.

Appeal from Newton Circuit Court.—*Hon. Charles L. Henson*, Judge.

AFFIRMED.

*Sizer & Gardner* and *John T. Sturgis* for appellant.

(1) If it be suggested that plaintiff in stating his case on the second trial, yet this is true only as to matters has set out and presented the evidence most strongly tending to support his right to recover, ignoring the countervailing evidence, we need but say that this is proper on a demurrer to the evidence. Marts v. Powell, 176 Mo. App. 130; Barr & Martin v. Johnson, 170 Mo. App. 399; Merritt v. Matchett, 135 Mo. App. 181; Hall v. Coal & Coke Co., 260 Mo. 365; Stauffer v. Railroad, 243 Mo. 316; Von Treba v. Gaslight Co., 209 Mo. 658; Kinlen v. Railroad, 216 Mo. 155. (2) The crucial and only question for solution in this appeal is as to what was the cause of the casket striking against the sill of the car door, and whose negligence brought it about? Was plaintiff a foreman or vice-principal to such an extent as to preclude his recovery? (3) While plaintiff recognizes the rule, that the law as declared on the first appeal becomes the law of the case has done so in a manner most favorable to him and of the law as applied to the same pleadings and evidence. Where the pleadings or evidence is different or the court has misinterpreted the evidence, then the former decision is not binding. ''The case as to the facts is to be treated

on a new trial in the trial court as if there never had been a trial." May v. Crawford, 150 Mo. 525; Spohn v. Railroad, 122 Mo. 21; State ex rel. v. Sturgis, 281 Mo. 424; Fuchs v. St. Louis, 167 Mo. 652; Kelly v. Thuey, 143 Mo. 437; Manufacturing Company v. Troll, 77 Mo. App. 346; Barrie v. Transit Co., 119 Mo. App. 48; Baker v. Railroad, 147 Mo. 152; Vaughn v. Railroad, 78 Mo. App. 644; Howell v. Sherwood, 242 Mo. 544; Bird v. Sellers, 122 Mo. 32; 4 C. J. 1217. (4) A plaintiff is not absolutely bound on a later trial of the case by his own or another witness's evidence given on the first trial. Additional evidence may be used and the exact truth as to matters not fully developed or points left in doubt on the first trial, may be shown upon the second trial. Former statements may be explained and mistakes and inadvertent statements corrected. The credibility of the witnesses and the weight to be given their evidence under such circumstances is for the jury and not the court. Rigley v. Prior, 233 S. W. 828; Steele v. Railroad, 265 Mo. 110; Downs v. Racine-Sattlery Co., 175 Mo. App. 386; Huff v. Railroad, 213 Mo. 515.

*W. F. Evans* and *Mann & Mann* for respondent.

(1) There is no evidence as to the cause of the vault striking the car, except that plaintiff was shoving on it, and nothing to show that it was the result of negligence on the part of the defendant. (2) On a second appeal where the same issues are made by the pleadings and there is no material change in the evidence on the issue involved the appellate court will not notice questions determined in the previous decision. All such are *res adjudicata* and closed. Gracey v. St. Louis, 221 Mo. 5; May v. Crawford, 150 Mo. 524; Potter v. Adams, 143 Mo. 667; Ward v. Haren, 183 Mo. App. 581; Knisely v. Leathe, 178 S. W. 457; Hayward v. Smith, 187 Mo. 475; Taussig v. Railroad, 186 Mo. 281; Brummell v. Harris, 162 Mo. 403; Keeton v. National Union, 182 S. W. 799; State v. Powell, 180 S. W. 851; Richardson v. Dell, 191 S. W.

65. This case was not remanded for further testimony leaving the law of the case really undecided, or because of some error of the trial court in a procedural matter, but there was a final ruling on the merits of the case. The court was therefore without power to close the case or to make any other order, except to send it back for a new trial in compliance with the order from which the appeal was taken. In other words, had the trial court overruled defendant's motion for new trial instead of sustaining it and had defendant been the appellant then, under the opinion of this court, its judgment would have been one of absolute reversal, thereby ending the litigation. (3) Plaintiff, realizing that some excuse is needed in this court for such a bold attempt to change facts to meet the law finds it necessary to cite cases in his effort to justify his change of story from a statement that he pushed the vault against the car, to one that some one else jerked both the vault and him against the car. 'In view of the earnest insistence of his counsel on the first appeal that he was pushing and shoving we feel warranted in saying that his testimony on the second trial was a deliberate attempt to make a case on the facts to fit the law as declared by the court.

GRAVES, J.—This is the second appearance of this case here. The opinion which sets out the facts in the previous hearing will be found in 229 S. W. 786, to which opinion we refer, without going into detail. At the first trial the plaintiff had a verdict, but the trial court granted a rehearing. This order the Springfield Court of Appeals (207 S. W. 277) reversed, but certified the case to this court after the filing of a motion for rehearing. The certification was upon the ground that their opinion conflicted with Neth v. Delano, 184 Mo. App. 652, from the Kansas City Court of Appeals.

The history of the case is of value upon this hearing. Plaintiff and three others were undertaking to load from a baggage truck an exceedingly heavy steel casket and corpse into a baggage car of one of defendants' passenger

Davidson v. Frisco Railway Co.

trains at Monett, Missouri. For details see our previous
opinion, supra. The causal negligence in the original
petition reads:

"That the defendant failed to exercise ordinary care
to furnish plaintiff and his helpers a sufficient and ade-
quate number of men to handle said steel vault or casket
with safety to themselves, and on account thereof, and on
account of the failure of plaintiff's helpers to exercise
ordinary care to lift and raise the front end of said casket
high enough to clear the sill of said car-door as they at-
tempted to place the same in said car, plaintiff was caused
to be injured, as aforesaid, and thereby disabled and crip-
pled for the balance of his natural life."

"Plaintiff states that the defendant, its agents,
first petition, among other things averred, we find this
clause, "as plaintiff moved forward with said vault in
order to lift and hold and *push* it into said car door."

Upon the first hearing here we ruled that no negli-
gence was shown upon the part of the defendant and we
affirmed the order for a new trial. Upon a return of the
case to the circuit court an amended petition was filed, in
which the word "push" was eliminated, and the causal
negligence thus stated:

"Plaintiff states that the defendant, its agents
servants and employees failed to exercise ordinary care
to lift and raise the front end of said casket high enough
to clear the sill of said car door as they attempted to
place the same into said car; and that plaintiff's said co-
employees carelessly and negligently pulled and swung
said casket forward against the sill of said car before the
front end of said casket had been raised high enough to
clear the door-sill and thereby caused said casket to strike
and violently bump against said door-sill and injure
plaintiff as aforesaid; which said carelessness and negli-
gence directly caused plaintiff's injuries, and thereby
plaintiff was disabled and crippled for the balance of his
life."

Instead of the clause containing the word "push"
set out, supra, the amended petition avers that plaintiff
was injured "as the said casket was so pulled and slid

forward from the truck." This act of "pulling" was charged to his co-employees alone. This, in the face of the fact that plaintiff on the former trial had testified that he was *pushing* the casket at the time of the injury. He swore to that in accordance with the allegations of his petition. Not only so but the "pushing" by plaintiff was submitted in his first instruction at the first trial. In the trial involved in this appeal he swore in accordance with the allegation of the amended petition, and says that he was not "pushing." However, one of his witnesses, Bob Hutchins, stuck to the original petition, for upon cross-examination he says:

"Q. And they lifted the south end, then he pushed from the north end, so as to push it on into the car? A. Yes.

"Q. He merely held the north end there until they raised the south end and got it up on the south end, and he would push it in the car—was that the way you did it? A. When we started with it off the truck and the man in the car said 'Ready,' why Davidson was against it. When we turned the casket two or three feet with the end towards the car, that puts the end of the casket next to the car-door, and when the man said 'Ready,' Davidson had hold of it and pushed against it; and when the fellows raised it, it bumped while he was pushing against it."

This appears from the additional abstract filed by respondent, which stands here unchallenged. From the same source the following vital testimony appears from the plaintiff.

"Q. And did the casket stop then, too? A. When it bumped the car it did. The boys were about *to have to let it down* on the truck again, *but they kept struggling* with it and got it in the car."

This is of importance on the question of negligence, when it is borne in mind that the amended petition eliminates the charge that defendant was negligent in failing to furnish help enough for the work to be done. That charge was in the original petition and was a part of the causal negligence then pleaded.

For the details we refer to our former opinion in 229 S. W. 786. For all matters of importance in this hearing the foregoing will suffice for a statement of the case.

I. Much space in the brief is devoted to the question as to the extent our former opinion in this case will bind the court in this hearing. We shall not review the many cases cited. It suffices to say that such opinion is the law of the case, unless the pleadings have been amended so as to introduce new issues, or the evidence on the re-trial is substantially different, from the evidence considered upon the vital questions at the former hearing here. It should be further stated, however, that even if there is no substantial difference in pleadings and proof upon the re-trial, yet if this court upon second appeal finds that it was in error upon the first hearing, it not only has the power and right to correct such error, but it would be the duty of the court so to do, in the interest of justice. This is true whether we erred in the principles of law declared, or erred in the determination of what were the real facts of the case. This court should not stick in the bark upon such matters. We have corrected such alleged errors upon second appeal. [Mangold v. Bacon, 237 Mo. l. c. 511, paragraph 2 on pages 511 et seq. and cases cited. See also dissenting opinion in the Mangold Case, 237 Mo. l. c. 525.]

Law of Case.

II. We have taken the original files in the case when first heard here, and compared them with the files in the present record. At each hearing the petition contained two counts, but at the first hearing the plaintiff abandoned the second count, and submitted his case upon the Federal Employers' Liability Act. At the second hearing the case was taken from the jury upon a demurrer to the evidence. That the plaintiff "doctored" his testimony for this second trial there can be but little question. At which time he told the truth is another question. Respondent contends that under Steele v. Railroad Co., 265 Mo. 97, the plaintiff should be

Change in Testimony.

ent basis from this case. The contradictory statements in Steele's Case occurred in the same trial and hearing. Such statements stood as admissions in a case then being heard. It amounted to contradictory admissions at the single trial. In this, it is to be distinguished from the present case. The general rule is that where a plaintiff at one hearing testifies in a given way, and at a later hearing testifies to the opposite, it is for the jury to determine what credence it will give to the evidence given before them, as impeached by what such party said at the previous hearing. This contention of respondent cannot be upheld.

III. The amendment of the petition as well as the amendment of plaintiff's evidence upon the matter of "pushing" seems to have grown out of a misapprehension of the exact point ruled by this court at our previous hearing. The matter of "pushing" was mentioned, but it was not the vital question in the case, or the question actually ruled. At most it could only go to plaintiff's alleged contributory negligence, and this is only a partial defense under the Federal statute.. It only goes to amount of recovery. At the very outset of the opinion (the facts having been first outlined) Brown, C., says that the sole question in the case is whether or not the employees of defendant, assisting plaintiff in the work, were guilty of negligence. He rules that their negligence, under the Federal Employers' Liability Act, would be the negligence of the defendant. Judge Brown concludes by citing approvingly Neth v. Delano, 184 Mo. App. 652, this being the case said by the Springfield Court of Appeals to be in conflict with their opinion, and for which the case was then certified to this court. The opinion concludes that there was no negligence upon the part of the defendant shown by plaintiff's evidence. This is the sole vital matter ruled when the case was here at the former hearing. It is the sole question raised by the present petition. True it is the petition was amended, but this issue was the same as in the first petition. The evidence in the present

record upon the one single issue of negligence or no negligence upon the part of the defendant, through its employees, other than plaintiff, is not substantially different in this record from the previous record. In fact it is rather stronger against plaintiff than before, because the plaintiff in the last trial made damaging admission. The following question and answer speak for themselves:

"Q. And did the casket stop then, too? A. When it bumped the car it did. The boys were about *to have to let it down* on the truck again, *but they kept struggling* with it and got it in the car."

This shows that these helpers of plaintiff were doing all they could. Note plaintiff's admissions: "The boys were about *to have to let it down, but they kept struggling* with it and got it in the car." This shows that these parties were doing all they could and the best they could. The matter of "pushing" by plaintiff was not a material element in determining defendants' negligence, through the conduct of these three helpers, when the case was here previously, nor is the absence of that fact particularly helpful to plaintiff now. The evidence in this record as to what these three helpers did is not different from what it was before. What they did was the thing from which the defendant's negligence must appear. The pleadings and evidence being substantially the same in both trials upon the one vital question, the present judgment should be affirmed, unless we conclude that we erred before. We are satisfied with our former ruling both as to law and facts. The present judgment is therefore affirmed. All concur, except *Woodson, C. J.,* who dissents.