Robert Lober and Eula Lober, Doing Business as The Capitol Printing Company v. Kansas City, a Municipal Corporation, Appellant.—100 S. W. (2d) 267.

Division One, December 14, 1936.

*George Kingsley, James M. Larkin* and *John J. Cosgrove* for appellant.

*C. W. Prince, James N. Beery, Hume & Raymond* and *Franklin E. Reagan* for respondents.

FRANK, J.—Action to recover damages to a printing plant, stock and equipment. Plaintiffs recovered judgment for $8000 and defendant appealed.

The printing plant was located in the basement of a building at 811 Delaware Street in Kansas City. The floor of the room occupied by the printing plant was four or five feet below the sidewalk. Immediately across the street from this building there was a water hydrant or fire plug located in the sidewalk. This water hydrant or fire plug was a part of the waterworks system owned and operated by defendant city. A large stream of water suddenly and with great force escaped from this hydrant or fire plug, shot across the street, broke the windows of plaintiffs' printing shop, and filled the shop with water, causing the damages sued for.

Plaintiffs' petition proceeds upon the theory of *res ipsa loquitur*, alleging general negligence against defendant. Defendant's answer is as follows:

"Comes now the defendant Kansas City and denies each and every allegation in plaintiffs' amended petition contained.

"Further answering, defendant states that if water was permitted to flow from the fire hydrant described in plaintiffs' petition that said flow of water was permitted by the employees of the Street Cleaning Department who were then engaged in flushing the streets and sewers; that said acts were done in the exercise of a governmental

function and defendant city is not liable for the negligence of any of said employees while so engaged.

"Further answering, defendant states that the fire plug mentioned in plaintiffs' petition was installed and maintained for the sole purpose of fire protection and for flushing streets and sewers in preserving the public health, and the defendant city is not liable for any defect that might have existed in said fire plug."

Defendant's first contention is that its demurrer to the evidence should have been given (1) because the escape of the water was caused by a breaking of the hydrant while being operated by an employee of the street cleaning department for the purpose of flushing the streets and sewers, and the negligence, if any, of said employee in operating said hydrant was committed in the performance of a governmental function for which the defendant is not liable, and (2) that under all the evidence plaintiffs were not entitled to invoke the doctrine of *res ipsa loquitur*.

This is the second appeal in this case. The same contentions that are now being made were made and decided against appellant on the former appeal. That decision is the law of the case. We recognize the rule that the former decision of a cause may be reconsidered on a subsequent appeal where the facts and circumstances warrant such action. The rule in this regard is well stated by the St. Louis Court of Appeals in an able opinion by BENNICK, C., in Reed v. Missouri Mut. Assn., 33 S. W. (2d) 986, 988, as follows:

"Ordinarily, on a second appeal, where there has been no such amendment of the pleadings as to introduce new issues, and where the evidence has been identical or substantially the same, the decision on the former appeal will be the law of the case upon all points decided therein. [Davidson v. St. Louis-S. F. Ry. Co., 301 Mo. 79, 256 S. W. 169; Coleman v. Northwestern Mutual Life Insurance Co. (Mo.), 233 S. W. 187; Smiley v. Kinney (Mo.), 262 S. W. 349; Bradley v. Becker (Mo.), 11 S. W. (2d) 8; Wair v. American Car & Foundry Co. (Mo. App.), 300 S. W. 1048; T. J. Moss Tie Co. v. Stamp (Mo. App.), 25 S. W. (2d) 138.]

"This general rule is subject to the limitation, however, that the former decision may be reconsidered under exceptional circumstances, as where the opinion was out of harmony with other decisions; where incorrect principles of law were inadvertently declared; where mistake of fact was made; or where injustice to the rights of the parties would be done by an adherence to the first opinion. [Murphy v. Barron, 286 Mo. 390; 228 S. W. 492; Mangold v. Bacon, 237 Mo. 496, 141 S. W. 650; Davidson v. St. Louis-S. F. Ry. Co., supra; Seibert v. Harden, 319 Mo. 1105, 8 S. W. (2d) 905; Hogan v. Kansas City Public Service Co. (Mo.), 19 S. W. (2d) 707, 65 A. L. R. 129; Wair v. American Car & Foundry Co., supra.]"

The pleadings and evidence in the instant case are substantially the same as those on the former appeal. A comparison of the record and briefs on the former appeal with those on the present appeal shows that no new issue is presented for decision. In this situation the decision on the former appeal is the law of the case. That decision is reported in 74 S. W. (2d) 815. We refer the reader to what is there said in support of the ruling that the demurrer to the evidence was properly overruled.

It is next contended that the court erred in refusing to sustain defendant's motion to make the petition more definite and certain, erred in overruling defendant's special demurrer to the petition, and erred in giving plaintiffs' Instruction No. 1.

All these complaints are directed to the question of the application of the doctrine of *res ipsa loquitur*. Defendant so states in its brief. If the doctrine applies, then there is no merit in the contentions made. We held on the former appeal that this is a *res ipsa loquitur* case. That holding being the law of the case, the contentions now made must be denied.

The final contention is that the court erred in giving plaintiffs' Instruction No. 3 in that it authorized the jury to allow plaintiffs interest not to exceed six per cent on the damages awarded, if any, from the date of the occurrence in question to the time of the trial.

In support of the instruction, respondent calls attention to many cases from other jurisdictions. Whatever the rule may be elsewhere, it is settled law in this State that interest will not be allowed on damages recovered in actions *ex delicto*. Many decisions of this court so hold. We call attention to one case which announces the Missouri rule. In Gerst v. St. Louis, 185 Mo. 191, 211, 84 S. W. 34, we said: "We see no valid objections to the instructions authorizing an allowance for permanent depreciation in the value of plaintiff's property; but whatever may be the rule in other jurisdictions, the settled law in this State is that interest is not recoverable on damages in actions *ex delicto* where no pecuniary benefit could accrue by reason of the injury. [Kenney v. Railroad, 63 Mo. 99; Marshall v. Schricker, 63 Mo. 308; Atkinson v. Railroad, 63 Mo. 367; Meyer v. Railroad, 64 Mo. 542; DeSteiger v. Railroad, 73 Mo. 33.]"

The verdict in this case reads as follows:

"We the jury find the issues for plaintiffs and do assess their damages at $6,000.00 and interest at $2,000.00, making a total verdict for plaintiffs of $8,000.00."

The instruction authorizing the allowance of interest was erroneous, but since the verdict separates the damages and interest, the error may be cured by *remittitur*. Therefore, if plaintiffs will within ten days enter a *remittitur* of $2000, the judgment will stand affirmed

for $6000 as of the date of its rendition. Otherwise, the judgment is reversed and cause remanded. All concur.